# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

   v.                                                     **Case No. 09-CR-249**

**JOSHUA D. FERRELL**
    **Defendant.**

## DECISION AND ORDER

The government charged defendant Joshua Ferrell with possession of a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), possession of crack cocaine with intent to distribute, contrary to 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, contrary to 18 U.S.C. § 924(c). The case is set for trial on August 30, 2010. Before me is the government's motion in limine, which seeks a pre-trial ruling on the admissibility of four categories of evidence.

## I. BACKGROUND

The charges in this case arise out of the police's alleged discovery of a gun and drugs on defendant's person following a traffic stop. In a pre-trial motion, defendant challenged the legality of the stop and search of his person. At the evidentiary hearing on the motion, the officers testified that while on patrol as part of a high crime area task force they observed a truck double parked, with a man leaning in the passenger side window. Suspecting a possible drug transaction, the officers approached to investigate, observed open beer cans inside the truck, and asked the driver, later identified as defendant, to exit. Defendant failed to comply with the officers' commands to show his hands, reaching towards a bulge in his pocket. The

officers conducted a pat-down, discovering a firearm. A subsequent search of defendant's person turned up corner cuts of crack cocaine. (Decision and Order on Mot. to Suppress [R. 36] at 1-3.)

Defendant testified that he was dropping off a friend when he saw a car coming up so fast behind him that he was afraid the vehicle was going to hit him. The speeding car swerved in front of his vehicle and stopped, at which point defendant recognized it as a police car. Defendant testified that the officers rushed out of the squad car with their weapons drawn yelling "hands!" as they surrounded his vehicle. He indicated that one of the officers ran up to his door, opened it, and he got out in response. The officer immediately handcuffed him and started going through his pockets. Defendant claimed that he had no conversation with the officers before he exited his truck, and that he made no movements towards his right hip. (R. 36 at 4.)

I adopted the officers' version of events over defendant's and denied the motion, finding that the officers had probable cause to "stop" defendant for double parking, lawfully ordered him out of the car and obtained reasonable grounds to pat him down based on their observations, and lawfully arrested him when the pat-down revealed a firearm. (R. 36 at 5-9.)

As indicated above, the government now seeks a pre-trial ruling on the admissibility of four types of evidence. I address each in turn.

## II. DISCUSSION

### A. Defendant's Statements

First, the government seeks to admit two incriminating statements defendant allegedly made while awaiting a prisoner conveyance from the scene of the arrest. The government

notes that neither statement came in response to "interrogation" by the officers, making Miranda inapplicable. Defendant does not contest this request, which I will accordingly grant.

**B.     Argument Regarding Legality of Stop and Search**

Second, the government seeks to bar defendant from presenting evidence or arguing to the jury that the stop, arrest, and search were unlawful, issues I resolved pursuant to the pre-trial motion to suppress. Defendant does not quarrel with this request either, which I will also grant.

**C.     Evidence/Argument Regarding Manner the Officers Approached**

Third, the government seeks to exclude defense evidence, questions, or argument that the officers had their guns drawn when they approached defendant's vehicle, as defendant claimed at the suppression hearing. The government argues that because I already found the stop, search, and arrest to be lawful, rejecting defendant's testimony, I should preclude the submission of such evidence at trial.

The government offers no authority for the proposition that the court's factual finding on a pre-trial motion to suppress precludes the defendant from presenting evidence or argument on that factual issue to the jury, and I have found none. Indeed, the cases appear to be to the contrary. See, e.g., Crane v. Kentucky, 476 U.S. 683, 688-91 (1986) (holding that the trial court deprived the defendant of his constitutional right to present a defense by granting the prosecutor's motion in limine to exclude evidence pertaining to the circumstances of the defendant's confession, which had been found voluntary prior to trial); United States v. Hogsett, No. 05-30196, 2006 WL 3692456, at *2 (S.D. Ill. Dec. 13, 2006) (granting the government's motion in limine to preclude the defendant from arguing or cross-examining the government's

3

witnesses concerning the Fourth Amendment issues presented in his motion to suppress, which the court had denied, but permitting cross-examination of the government's witnesses regarding the factual matters surrounding the stop, arrest of the defendant, and the seizure of evidence). I therefore see no basis for excluding such evidence categorically based on my ruling on the motion to suppress.

More substantially, the government argues that whether the officers had their guns drawn has no bearing on whether defendant is guilty of the charged offenses. Whatever marginal value such evidence may have is substantially outweighed by danger of confusion of the issues and misleading the jury, the government contends, and should therefore be excluded under Fed. R. Evid. 403.[1]

Evidence need not bear directly on the elements of the offense in order to be relevant. Testimony about the officers' encounter with defendant, pursuant to which they allegedly recovered the gun and drugs, including the manner in which they approached his vehicle, would assist the jury in understanding and evaluating the events that immediately followed, and I assume that the government will in its case present such evidence. See, e.g., United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992) (holding that the prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon; the jury is entitled to know the circumstances and background of a criminal charge and cannot be expected to make its decision in a void without knowledge of the time, place, and circumstances of the acts which form the basis of the charge). And if the government is permitted to present such evidence,

---

[1]Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

4

defendant should be allowed to present his version of how events unfolded. See United States v. Hurn, 368 F.3d 1359, 1363 (11th Cir. 2004) ("[A] defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently.").

Such evidence may also be relevant to the credibility of the officers. As defendant notes, if the jury chooses to find his testimony more credible on this issue, it may be inclined to give the officers' testimony less credence on other issues. The government counters that a party may not impeach on a "'collateral or irrelevant' matter," United States v. Williamson, 202 F.3d 974, 797 (7th Cir. 2000) (quoting United States v. Kozinski, 16 F.3d 795, 806 (7th Cir.1994)), but this is not a collateral matter as that term is used in the cases. See United States v. Jarrett, 705 F.2d 198, 207 (7th Cir. 1983) ("A matter is collateral if the impeaching fact could not have been introduced into evidence for any purpose other than contradiction."). Defendant does not seek to impeach the officers regarding, for instance, their conduct in other cases; rather, he wants to present a different version of what happened in this case. As discussed above, testimony as to how events unfolded in this case is relevant.

Finally, it does not appear that presentation of defense evidence on this issue would take much time, confuse the issues, or mislead the jury. This is a straight-forward case, and it appears that defendant would on this issue present only his own testimony. The jury should have no trouble considering potentially differing versions of how the police came to approach defendant and acquire the evidence.[2]

---

[2]The government contends that introduction of such evidence would require a jury instruction that there is nothing improper about a display of firearms while making a stop or

For these reasons, the government's third request will be denied.

**D.     Rule 404(b) Evidence of Prior Drug Trafficking Conviction**

In its final request, the government seeks permission to introduce, under Fed. R. Evid. 404(b), evidence of defendant's 2005 state court conviction for manufacture/deliver cocaine. Defendant has indicated that his defense on the drug count will be that he possessed the corner cuts of crack cocaine for personal use. The government argues that by putting his intent at issue, defendant has opened the door to evidence of his past drug trafficking conviction.

"Rule 404(b) prohibits the government from using prior bad acts 'to prove the character of a person in order to show action in conformity therewith,' but allows the admission of such evidence to establish 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" United States v. Hurn, 496 F.3d 784, 787 (7th Cir. 2007). The court may admit such evidence if: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice. United States v. Stotler, 591 F.3d 935, 941 (7th Cir. 2010).

While prior drug convictions are not always admissible in a subsequent drug prosecution where intent is an element, see United States v. Harris, 587 F.3d 861, 865 (7th Cir. 2009) (citing United States v. Webb, 548 F.3d 547, 547-48 (7th Cir. 2008)), under the circumstances

---

arrest. Such an instruction would be necessary, the government contends, in order to explain to the jury that the officers would have no reason to lie about having their guns drawn. Depending on how the evidence comes in, I may consider such a request at the instruction conference.

of this case, I find the evidence admissible under the Seventh Circuit's four-part test.

First, the Seventh Circuit has recognized several situations in which a prior drug conviction is relevant to prove the defendant's intent in a subsequent prosecution for possession of drugs with intent to distribute. Hurn, 496 F.3d at 787. The "most obvious situation" is the one presented here – "'the defendant, while admitting possession of the substance, denies the intent to distribute it.'" Id. (quoting United States v. Jones, 455 F.3d 800, 808 (7th Cir. 2006)). Thus, the evidence the government seeks to introduce is directed to something other than propensity.[3]

Second, according to the criminal complaint presented by the government, the prior conviction also involved the possession and delivery of corner cuts of cocaine base. See Harris, 587 F.3d at 865 (finding sufficiently similar under Rule 404(b) evidence that the defendant sold the same substance (a lumpy, off-white form of cocaine), in the same packaging (small plastic bags)). The conduct at issue in defendant's prior case occurred in March 2005, barely four years prior to the alleged offense in this case. See United States v. Ross, 510 F.3d 702, 713 (7th Cir. 2007) (finding that acts from five and six years earlier were sufficiently close in time under Rule 404(b) analysis); Hurn, 496 F.3d at 788 (approving use of a ten-year old conviction for selling the same substance, and citing cases approving the use of thirteen and nine year old convictions).

Third, given his conviction via guilty plea in state court, the evidence is obviously sufficient to permit the jury to conclude that defendant committed the prior offense.

---

[3]Defendant argues that one prior instance of drug distribution (as opposed to a demonstrated pattern of such conduct) does little to establish his intent to distribute in this particular instance. However, he cites no authority for the proposition that evidence of a pattern is necessary under Rule 404(b).

7

Fourth, the prior conviction's probative value is not substantially outweighed by unfair prejudice. The prior conviction appears to be highly probative because it goes directly to defendant's intent to distribute crack cocaine, Hurn, 496 F.3d at 788, and I will provide a limiting instruction to the jury, admonishing them to consider the prior conviction only as evidence of intent, see Jones, 455 F.3d at 809 (observing that limiting instructions can be effective in reducing possible unfair prejudice that could result from the introduction of Rule 404(b) evidence). And because the prior act resulted in a conviction, it does not appear that presentation of the evidence will take much time or overwhelm the jury's consideration of the other evidence.[4]

For these reasons – and contingent upon defendant pursuing the defense anticipated above – I will permit the government to introduce evidence of defendant's prior conviction for cocaine distribution. I encourage the parties to confer regarding an appropriate limiting instruction. See Federal Criminal Jury Instructions of the Seventh Circuit § 3.04.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion in limine (R. 47) is **GRANTED IN PART AND DENIED IN PART**, as stated herein.

Dated at Milwaukee, Wisconsin, this 13th day of August, 2010.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[4] Defendant argues that evidence of prior bad acts tends to overwhelm a jury, and that if it hears about his prior conviction in this case there is a strong likelihood that it will not hear much else. The court assumes that a jury will obey a limiting instruction to use evidence only for intent and not to infer a propensity for committing illegal acts, see, e.g., United States v. Jones, 248 F.3d 671, 676 (7th Cir. 2001), and defendant provides no specific reason to think otherwise in his case.

8